[Sac. No. 4527. In Bank.—March 22, 1932.]

FRED L. MORRISON et al., Respondents, v. B. B. WHITEFORD et al., Defendants; STEPHEN J. YORK et al., Appellants.

John R. Connelly for Appellants.

W. D. L. Held and Herbert V. Keeling for Respondents.

THE COURT.—This action was brought to quiet title to rights in the waters of a spring. Plaintiffs Fred L. Morrison and Anna L. Morrison were from 1904 to 1923 owners of certain land hereinafter called the Morrison property; and since 1904 defendants and appellants were owners of land just above, known as the Butcher property. Both tracts are situated on a hillside sloping southwesterly toward Clear Lake. A ledge of rock situated on the Butcher property formerly held back percolating waters on said property, which rose to the surface in several springs. Some seepage flowed on to the lower tract and was piped and used by the Morrisons for domestic and stock-watering purposes. In 1923 the Morrisons sold all their land except four acres to plaintiff Lake County Title and Abstract Company and Clear Lake Beach Company. These corporations subdivided it and sold lots. In March, 1925, Clear Lake Beach Company dug a tunnel through the ledge of

rock into the Butcher property, blasting the rock with dynamite to do so. As a result the flow into the Morrison pipes was increased and the springs on the Butcher property ceased to flow except during the rainy season. In November, 1927, defendants commenced to dig a trench on their own land to the end of plaintiffs' tunnel to reach the water. Before its completion this action was filed and they were enjoined from proceeding further.

The court found that plaintiff Clear Lake Beach Company had committed a trespass upon defendants' property, and awarded damages in the sum of $500. The court also ordered a division of the water rights, awarding to plaintiffs .0028 cubic feet of water per second, and enjoined defendants from interfering with said amount.

█ Appellants appeal on a bill of exceptions, their chief contention being that the judgment cannot be supported by the evidence. In this connection they assert that the court awarded to the plaintiffs more than the entire flow of the stream. In support of this contention they point to the evidence of one of their own witnesses, which is, however, in conflict with other testimony. The defendants have failed to point out specifically wherein the record is deficient, but our own examination of the evidence satisfies us that the trial court properly disposed of the issues.

The judgment is affirmed.

Rehearing denied.